IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


MICHAEL KEVIN MEADE,

      Petitioner,

   v.                                     **Civil action no. 1:05cv48**
                                         **Criminal action no.  1:03cr32**
                                       **(Judge Keeley)**

UNITED STATES OF AMERICA,

      Respondent.


## REPORT AND RECOMMENDATION/OPINION


## I.  PROCEDURAL HISTORY

On March 16, 2005, the  *pro se* petitioner, Michael Kevin Meade,  an inmate at FCI-Edgefield, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. This matter, which is pending before me for Report and Recommendation  pursuant to LR PL P 83.15, is ripe for review.

### A.  Plea

On December 31, 2003, the petitioner signed a plea agreement in which he agreed to plead guilty to distribution of cocaine base  in violation of 21 U.S.C. §§841(a)(1) and  841(b)(1)(C)(Count Two).  In the plea agreement, the parties stipulated that the total amount of relevant conduct was not less than 5 grams nor more than 20 grams of cocaine base.

On January 13, 2004, the petitioner, in the presence of his counsel, in open court, withdrew his plea of not guilty and entered a plea of guilty.

**B. Sentencing**

On June 1, 2004, the petitioner appeared before the Court for sentencing. The Court sentenced the petitioner to 57 months imprisonment. The petitioner did not appeal his sentence.[1]

**C. Federal Habeas Corpus**

The petitioner raises the following grounds in his motion:

(1)     Plea bargain obtained by a coerced confession.
Although at my sentencing hearing, the prosecutor (John Parr) said the transaction was less than ½ gram, he instructed me that if I didn't plea to 5 grams or more, he would bring in known drug users, and dealers to testify against me, and he (John Parr) would see that I got 20 years.

(2)     Ineffective Assistance of Counsel
Ineffective Counsel because my attorney, Ed Hall, told me that the prosecutor would find people to testify, even if they had to make deals to do so, and hearsay evidence is admissible in court.

(3)     Malicious prosecution
Mr. Parr (federal prosecutor) and Doug Yost (DTE) said they knew I was a user, and not a dealer, but I walked into the middle of an ongoing investigation. I had to admit to things I didn't do, so I wouldn't get 20 years. If I wouldn't have given enough information, they wouldn't have accepted my plea.

**D. Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied.

---

[1]The petitioner states in his petition that " I was very ignorant to the law, and afraid. The federal prosecutor said he would punish me further, if I filed an appeal. Also, my attorney discouraged me from doing so. He said that the federal government would find people, by any means necessary, to testify against me." The petitioner's statement is unsupported and has not been deemed a separate claim. Moreover, his plea agreement contained a waiver of his right to appeal his sentence.

## II. <u>ANALYSIS</u>

### A.  <u>Coerced Confession/Malicious Prosecution</u>

The petitioner asserts that his plea bargain was obtained by a coerced confession in that the prosecutor told him that if he did not plead guilty he would see that the petitioner received 20 years in prison.  The petitioner also raises a claim of malicious prosecution in which he states that he had to admit to things he did not do so he would not be sentenced to 20 years, and had he not given enough information his plea would not have been accepted.  The undersigned has considered the claims together as a challenge to his plea.

During the plea hearing, while under oath, the petitioner testified that he understood and agreed with the terms of the plea agreement.  (Doc. # 171).  He further stated that he was guilty of the conduct charged in Count Two. (<u>Id.</u>) He also stated that he understood that he would be sentenced under the Sentencing Guidelines and that those had been explained to him.  (<u>Id.</u>).  Further, the petitioner stated that he was not coerced to plead guilty, and that his attorney had adequately represented him.

A defendant's statements at the plea hearing are "strong evidence" of the voluntariness of the plea agreement.  <u>United States v. DeFusco</u>, 949 F.2d 114, 119 (4th Cir. 1991), <u>cert. denied</u>, 503 U.S. 997 (1992).  And, "findings by a sentencing court in accepting a plea 'constitute a formidable barrier' to attacking the plea. <u>United States v. Lambey</u>, 949 F. 2d 133, 137 (4th Cir. 1991) (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977)).

Here, the petitioner's contentions are clearly refuted by the statements he made during the Rule 11 hearing.  There is nothing in the record which demonstrates that the petitioner was coerced into pleading guilty.  Thus, this claim is without merit.

**B. Ineffective Assistance of Counsel.**

Counsel's conduct is measured under the two part analysis outlined in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. <u>Id.</u> at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Id.</u> at 689-90.

Second, the petitioner must be prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694.

Further, a defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985); <u>Hooper v. Garraghty</u>, 845 F.2d 471, 475 (4th Cir. 1988), <u>cert. denied</u>, 488 U.S. 843 (1988).

The petitioner's allegations do not reveal any plain error by counsel which meets the <u>Strickland</u> test. He only alleges that his attorney hold him the prosecutor would get people to testify against him. The allegation as set forth by the petitioner does not state a claim of ineffective assistance of counsel. Habeas motions must meet heightened pleading requirements. <u>McFarland v. Scott</u>, 512 U.S. 849 (1994). The movant must come forward with evidence that the claim has merit. <u>Nickerson v. Lee</u>, 971 F. 2d 1125 (4th Cir. 1992), <u>cert. denied</u>, 507 U.S. 923 (1993). Moreover, the

petitioner does not meet his burden as set forth in <u>Lockhart</u>, because he does not allege that he would have proceeded to trial, but for his attorney's errors. Thus, this claim is without merit.

## III. <u>RECOMMENDATION</u>

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's §2255 motion.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Chief Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* petitioner.

Dated: September 16, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE